

**Entered on Docket**
**June 24, 2009**

_____
**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

In re:                                            )
                                                  )     BK-S-09-16005-BAM
VERONICA ACACIO CADELINA,                         )
                                                  )     Chapter 7
        Debtor.                                   )
                                                  )
                                                  )
                                                  )
_____)

**ORDER REGARDING MOTION FOR RELIEF FROM STAY**

A motion for relief from stay under 11 U.S.C. § 362(d) was filed in this case on June 22, 2009 (dkt. #30). Pursuant to 11 U.S.C. § 362(e), unless the court ordered otherwise, the automatic stay would terminate thirty days after the motion was filed, or on July 22, 2009.[1] Given that the normal time for notice of such motions is 25 days, see Local Rule 9014(b)(2)(C), the court's calendar cannot accommodate the hearing of this motion until July 24, 2009. This hearing date is more than thirty days after the motion was filed. Therefore, the court, for cause, orders that the stay shall remain in effect until the court orders otherwise or until the conclusion of the hearing set for July 24th, whichever occurs first.

---

[1] In relevant part, 11 U.S.C. § 362(e) provides:

> (e)(1) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

1  Although section 362(e) indicates that such extensions are made after "notice and a hearing,"
2  that phrase requires, under the circumstances, only notice and an opportunity for a hearing. 11
3  U.S.C. § 102(1). Any party in interest that believes that it would be prejudiced by the extension of
4  the time period stated in section 362(e) may file an objection to the entry of this order, with such
5  objections to be filed not later than July 2, 2009. Any such objection must be accompanied by a ex
6  parte application for a hearing on shortened time, which shall be granted should cause be shown.
7  IT IS SO ORDERED.

Copies sent to:

HERBERT SACHS on behalf of Debtor VERONICA CADELINA
bkhelpnv@yahoo.com

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

YVETTE WEINSTEIN
yweinsteinhsd@earthlink.net, NV08@ecfcbis.com

GREGORY L. WILDE on behalf of Creditor HSBC BANK (USA)
bk@wildelaw.com

###